UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 24-1584 PA (PVC) | Date: April 16, 2024 |
| Title | Cesar Eduardo Cabrera v. Patrick Covello, Warden |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNEXHAUSTED**

On February 22, 2024, Cesar Eduardo Cabrera (Petitioner), a California state prisoner proceeding pro se, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 8).[1] The Petition raises a single ground for federal habeas relief: California violated Petitioner's due process rights and California Penal Code § 745 when it offered criminal defendants of other races and ethnicities a more favorable plea deal. (*Id.* at 3–5). However, the Petition is subject to dismissal because it is completely unexhausted.

---

[1] Pursuant to the "mailbox rule," "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case is February 22, 2024. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).

For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-1584 PA (PVC)                                         Date:  April 16, 2024

Title        Cesar Eduardo Cabrera v. Patrick Covello, Warden

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A federal district court has the authority to stay and hold in abeyance a totally unexhausted habeas corpus petition.  *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)].").  However, under *Rhines*, a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277; *accord Jackson v. Roe*, 425 F.3d 654, 660–61 (9th Cir. 2005).

Here, it appears that Petitioner has not yet exhausted his habeas claim in the state courts.  While he presented his claim to Los Angeles County Superior Court (Pet. at 8, 10–15), there is no indication that Petitioner has presented his claim to either the California Court of Appeal or the California Supreme Court.  Accordingly, the Petition is subject to dismissal and Petitioner has three available options:

**Option 1:**   If, upon further reflection, Petitioner wishes to contend that his claim is exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that his claim is exhausted.  If Petitioner admits that he has not exhausted his claim, he must select one of the following options.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-1584 PA (PVC)                                             Date:  April 16, 2024

Title        Cesar Eduardo Cabrera v. Patrick Covello, Warden

**Option 2:**  Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:**  Petitioner may request a stay, pursuant to *Rhines*, 544 U.S. at 277–78, seeking a stay of his Petition while he returns to the state courts to completely exhaust his unexhausted claim.  To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and to establish that each unexhausted claim is not "plainly meritless."  *See id.* at 277.

In sum, the Court **ORDERS** Petitioner to file a response, within **21 days** of the date of this Order, specifically stating which of the three options he wishes to pursue.  To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of his claim.  To select Option Two, Petitioner may use **the attached Notice of Dismissal form** and fill it out, dismissing the entire action.  To select Option Three, Petitioner must file a declaration, signed under penalty of perjury, requesting a stay pursuant to *Rhines*, setting forth good cause for his failure to have exhausted his claim, and demonstrating why his unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that any failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |